### Cox and Others *v.* WAY, Commissioner.

To an action on a bond for the performance of certain work within a specified time, a plea that the plaintiff made another contract with one of the obligors, after the date of the bond, for the doing of the same work, and thereby prolonged the time for doing the same, and that such obligor did the work within the enlarged time to the plaintiff's satisfaction,—is not a bar to the action.

*Friday, December 13.*

ERROR to the *Randolph* Circuit Court.

STEVENS, J.—This cause was decided at the *November* term, 1832, of this Court, and both parties petitioned for a re-hearing.

The petitions were taken under advisement and have not until now been disposed of. Neither of the petitions is granted. There is but one point in the case about which there was the least doubt, and that is as to the sufficiency of the defendants' second plea. The substance of the declaration is, that the defendants, *John D. Cox, Samuel Cox, James Bass,* and *George Hoffman,* on the 6th day of *September,* 1828, made their bond payable to the plaintiff for a certain sum of money, conditioned that they, the said defendants, should do certain work upon a certain state road within two months of the date of the bond; that they failed to do the work, and are therefore liable to him for the debt in the bond mentioned.

The defendants, by their second plea, admit the making of the bond and condition, and that they failed to perform the condition, and are therefore liable to pay to the plaintiff the said debt if satisfaction has not been made; but they say that satisfaction has been made, and therefore they are not liable: because they say that after the making of the bond and condition, the plaintiff made another contract with *George Hoffman,* one of the defendants, for the doing of the same work on the same road by him the said *George,* and by that second contract did prolong the time of doing the same until the 1st day of *February,* 1830; and that the said *George* did well and truly do the same by the time specified in his contract, to the satisfaction of the plaintiff. This is the substance of the second plea, and it does not certainly contain a sufficiency of matter to bar the plaintiff's action.

To make the plea sufficient, it must appear that the new contract was made by and between the parties to the bond, and that the plaintiff and defendants agreed to it and sanctioned it, either in their own proper persons or by their agents. This, however, is not stated. The plea does not allege that these defendants, either in person or by agent, made this contract; nor does it allege that the said *George* was authorised by them to make such a contract, or that they ever agreed to or sanctioned any such contract; nor is it stated that the said *George* made it for them or for their benefit; nor is it stated that they would have complied with the condition of their bond, if this last contract had not been made. Again, to make this plea good, it should have been averred that the new contract made and the work done by the said *George,* were in satisfaction and

42

Nov. Term, 1833.

Cox
v.
WAY.

discharge of the bond of these defendants, and that the plaintiff so understood it, and so accepted and received the work. No such averments however are to be found.

It has not, perhaps, been said, that such averments are not necessary, nor has it been said that such allegations are to be found in the plea, but it has been insisted that they may be inferred from what is stated; that a sufficiency is stated to authorise such an inference. Let this argument of inference be tested by two or three well-settled and established rules of pleading. It is a general rule of pleading, to which there is no exception, that whenever the defendant acknowledges the plaintiff's cause of action, both as to the facts stated and the conclusion of law arising thereon, but seeks to avoid it by new facts which he sets up, he must state those facts clearly, positively, and distinctly, and in direct terms, and not leave them to be collected by inference. Again, it is also a general rule of pleading, to which there is no exception, that each special plea is taken most strongly against the party pleading it, and most favourably to his adversary. This rule is founded on two presumptions. 1. That the party will always make his statement as favourably for himself as the truth of the case will possibly admit of, and therefore it would be doing injustice to the opposite party to infer that the truth of the case is more favourable for the party pleading it, than he has himself made it; and 2. The ambiguity, omission, or uncertainty in the plea, is the act of the party pleading it, and as it was in his power, and his only, to have stated his facts clearly, if any he had to state, he therefore must bear all the inconvenience that grows out of such defective pleading. Other rules of pleading might be noticed, all of which would show the insufficiency of the plea; but it is unnecessary: the plea as it stands is clearly defective; and we are not authorised to supply those defects by inference.

We are bound to believe that the defendants have presented the whole of the facts they have to present; and that those facts are stated in as favourable a manner for themselves as the truth would admit of.

*Per Curiam.*—The petitions for a re-hearing are overruled.

*J. Rariden,* for the plaintiffs.

*J. Perry,* for the defendant.